Dear Mr. Parks:
This office is in receipt of your request for an opinion of the Attorney General for the Board of Commissioners of Fire Protection District No. 5 of Pointe Coupee Parish relative to dual officeholding. You indicate the Pointe Coupee Parish Police Jury has raised the specific issue as to whether or not the approval of the Fire District's budget by the Board of Commissioners prohibits the fire chief of stations in the District from serving on the Board.
As a background you state the Fire District has a five member Board of Commissioners with two members appointed by the Pointe Coupee Parish Police Jury and two appointed by the City of New Roads which is entirely enclosed within the District, and these four select and appoint a fifth member. There are two fire stations and a substation in the district which are composed entirely of volunteer firemen and each fire station elects their own fire chief from among their membership.
With regard to the annual budget, the fire stations prepare budget requests separately to be presented to the Board of Commissioners, who then prepare a proposed combined budget. The Board of Commissioners then prepare one final budget proposal that is discussed and voted upon until the final budget is approved.
You ask if the procedure followed for establishing a budget for the Fire District prohibits the fire chief from being a member of the Board of Commissioners who sets the budget under the dual officeholding law.
R.S. 42:61 provides that the purpose of the law is for confidence by the general citizenry in public officials, employees, and governmental decisions and the "attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interest of each other."
Accordingly, the prohibitions on dual officeholding by persons holding elective office, appointive office or employment are set forth in R.S. 42:63. Further prohibitions are provided in R.S.42:64, and your inquiry is directed to that statute wherein it provides as follows:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * * * * * * * * * * * * * * * * * * * * *
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
It would seem initially that there would be a prohibition of having a member of the Board of Commissioners, who sets the budget for the fire station, at the same time hold the position of the Fire Chief of the station. However, we will conclude to the contrary only on the basis that we find in the instant situation the Fire Chief is not a public office inasmuch as he is not in a salaried position, and is not appointed by public officers.
As stated above the dual officeholding law is concerned when "a public official or employee holds two or more public officespublic jobs." Based upon this concept this office has stated that "the position of fire chief of a volunteer fire department is not a public office or employment", and the prohibition of dual officeholding is not applicable. Atty. Gen. Op. No. 80-1466, 80-1525.
In Atty. Gen. Op. No. 90-521 it was concluded the volunteer members of Westwego Fire Department were not considered as having a public office within the provisions of the dual officeholding statute inasmuch as members "do not have to take oaths, be bonded or publicly insured."
You indicate the fire stations in the Fire Protection District have its own "volunteer part-time firemen and firewomen" and the volunteers of each fire station elect their own fire chief from their own membership. Accordingly, we do not find that the fire chief is an appointee as defined in R.S. 42:62 inasmuch as the fire chief is selected by the volunteer membership, and does not have to be confirmed by the Board or any other public entity. An appointee is a position specifically established or authorized by law and filled by appointment by elected or appointed public officials or a governmental body composed of such officials of a political subdivision. That does not exist in this appointment.
The position is not one of public employment for we have been informed that these volunteer firemen and the fire chief are not paid. They do not receive a salary or any per diem, and R.S.42:62 defines "employment" as any job compensated on a salary or per diem basis other than an elective or appointive office in which a person is an employee of the state government or of a political subdivision thereof. Since the fire chief is a volunteer, is not salaried or paid on a per diem basis, and is not an appointee since not selected by a public official or governmental body of such officials, we conclude there is no violation of the dual officeholding provisions or R.S. 42:64.
While we do not find a violation of the dual officeholding law, we would suggest you may seek the opinion of the Ethics Commission as to the ethics of a board member, who sets the budget of the fire station, also serving as fire chief of that fire station.
We hope this sufficiently answers your inquiry but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR